UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ADECCO USA, INC. and ADO STAFFING, INC.,

                                **Plaintiffs,**

   vs.                                                                       6:20-CV-744
                                                                                   (MAD/TWD)

STAFFWORKS, INC.; ANITA VITULLO;
KAREN WALSER; VICKI RODABAUGH;
DEBORAH ROHDE; MAURICA GLORIA;
BRIANNA FLINT; TAYLER FRAVEL; and
KAREN STANDFORD,

                                **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **GORDON & REES, LLP** <br> 1 Battery Park Plaza, 28th Floor <br> New York, New York 10004 <br> Attorneys for Plaintiffs | **JOHN TYLER MILLS, ESQ.** <br> **TYLER TARNEY, ESQ.** |
| **PHILLIPS LYTLE LLP** <br> 125 Main Street <br> Buffalo, New York 14203-2887 <br> Attorneys for Defendants | **PRESTON L. ZARLOCK, ESQ.** |
| **ROSSI & ROSSI, PLLC** <br> 587 Main Street, Suite 302 <br> New York Mills, New York 13417 <br> Attorneys for Defendants | **EVAN A. ROSSI, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiffs commenced this action on July 2, 2020, asserting claims of breach of contract, tortious interference with contract, tortious interference with business relationships/prospective economic advantage, actual and threatened trade secret misappropriation under federal and state law, conversion, and trademark infringement and unfair competition under the Lanham Act. *See*

Dkt. No. 1. Among other things, Plaintiffs are seeking to enforce noncompetition agreements contained in the individual Defendants employment agreements, who are all former employees now working for Defendant Staffworks.

Currently before the Court is Plaintiffs' application for a temporary restraining order. For the reasons set forth below, Plaintiffs' motion is denied.

"Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, which are 'never awarded as of right,' or 'as a routine matter.'" *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 483-84 (W.D.N.Y. 2018) (quotation omitted). In the Second Circuit, the standard for entry of a temporary restraining order is the same as for a preliminary injunction. *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases).

A party seeking a preliminary injunction must demonstrate the following: "(1) 'a likelihood of success on the merits or ... sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc. v. Benihana .v Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (quotation omitted).

Having reviewed the parties' submissions and the applicable law, the Court finds that the significant material facts in dispute preclude the Court from granting injunctive relief without first conducting an evidentiary hearing. Aside from the fact that the individual Defendants are all former employees of Plaintiffs, the parties agree on little else. *See Hammer v. Trendl*, No. 02-cv-2462, 2002 WL 32059751, *1 (E.D.N.Y. Oct. 10, 2002) ("As an initial matter, where material

facts are not in dispute or where facts in dispute are not essential to the temporary restraining order sought, the court is not required to hold an evidentiary hearing") (citations omitted).

Additionally, the Court notes that the scope of the injunctive relief Plaintiffs are seeking is exceedingly broad in scope. Plaintiffs motion has not established that such broad relief should be granted without the benefit of a hearing.[1]

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' request for a temporary restraining order is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall schedule, upon consultation with the parties, an evidentiary hearing on the pending motion for a preliminary injunction.

**IT IS SO ORDERED.**

Dated: July 17, 2020
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] This result is further supported by the fact that the electronic devices that Plaintiffs claim was wrongfully retained by the individual Defendants after their termination have been collected by Defendants counsel and counsel has indicated that they have not been copied or examined in any way. *See* Dkt. No. 29.

3