**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ADECCO USA, INC. and ADO STAFFING, INC.,**

                            **Plaintiffs,**

        **vs.**                                              **6:20-CV-744**
                                                             **(MAD/TWD)**

**STAFFWORKS, INC., ANITA VITULLO,**
**KAREN WALSER, VICKI RODABAUGH,**
**DEBROAH ROHDE, MAURICA GLORIA,**
**BRIANNA FLINT, TAYLER FRAVEL,**
**KAREN STANDFORD, and SHELLY KRANZ,**

                            **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**GORDON & REES LLP -**                    **JOHN TYLER MILLS, ESQ.**
**NEW YORK OFFICE**
1 Battery Park Plaza, 28th Floor
New York, New York 10004
Attorneys for Plaintiffs

**GORDON REES SCULLY**                     **TYLER TARNEY, ESQ.**
**MANSUKHANI LLP**                          **MARY CSARNY, ESQ.**
41 South High Street
Suite 2495
Columbus, Ohio 43215
Attorneys for Plaintiffs

**PHILLIPS LYTLE LLP -**                   **PRESTON L. ZARLOCK, ESQ.**
**BUFFALO OFFICE**                          **JOSHUA S. GLASGOW, ESQ.**
125 Main Street
Buffalo, New York 12203
Attorneys for Defendants

**ROSSI & ROSSI, PLLC**                    **EVAN A. ROSSI, ESQ.**
**FIRM – ALBANY OFFICE**                    **VINCENT J. ROSSI, JR., ESQ.**
587 Main Street, Suite 302
New York Mills, New York 13417
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Plaintiffs commenced this action alleging various violations of state and federal laws against Defendants Staffworks, Inc. and Anita Vitullo, and Defendants Karen Walser, Vicki Rodabaugh, Deborah Rohde, Maurica Gloria, Brianna Flint, Tayler Fravel, and Karen Standford (the "Former Employees"). *See* Dkt. No. 1 at 1. The complaint alleges breach of contract, tortious interference with contract, tortious interference with business relationships/prospective economic advantage, actual and threatened trade secret misappropriation under federal and state law, conversion, and trademark infringement and unfair competition under the Lanham Act. *See id.* at ¶¶ 1, 111-161. On July 2, 2020, Plaintiffs filed a motion for a temporary restraining order or preliminary injunction. *See* Dkt. No. 13. The Court denied Plaintiffs' motion for a temporary restraining order and scheduled an evidentiary hearing. *See* Dkt. No. 14. Following a three-day evidentiary hearing, the Court granted Plaintiffs' motion in part. *See* Dkt. No. 71. Plaintiffs then filed a motion for contempt and sanctions, arguing that Defendants Gloria and Flint violated the Court's September 15, 2020 Order (the "Order"). Following a hearing, the Court denied Plaintiffs' motion for contempt and sanctions. *See* Dkt. No. 96. On November 10, 2020, Plaintiffs filed an amended complaint which, among other things, added Shelly Kranz as a defendant to this action. *See* Dkt. No. 97. Presently before the Court is Plaintiffs' motion for reconsideration of the Court's Order on its motion for a preliminary injunction. *See* Dkt. No. 76. The Court presumes the parties' familiarity with the facts and refers the parties to its September 15, 2020 Order for a more detailed recitation of the facts. *See* Dkt. No. 71. For the following reasons, Plaintiffs' motion is granted in part.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes

necessary to remedy a clear error of law or to prevent manifest injustice.  *See Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiffs do not suggest that there has been an intervening change in the controlling law, nor have they presented new evidence which was not previously available.  Rather, Plaintiffs seek reconsideration of the Court's Order on two issues arguing that it is necessary to prevent manifest injustice.  *See* Dkt. No. 76-1 at 4.  First, Plaintiffs seek an extension of the injunction to require the Former Employees to return any Adecco-issued or owned property to Adecco pursuant to their employment agreements.  *See id.*  Plaintiffs argue that the Court overlooked the return of property provisions included in the Former Employees' employment agreements by construing the requested injunction as limited to the non-compete, non-solicitation, and non-disclosure covenants.  *See id.*  Second, Plaintiffs argue that the Court omitted language enjoining Defendant Walser from violating her confidentiality/non-disclosure agreement.  *See id.*

Plaintiffs argue that the return-of-property provisions of the Former Employees employment agreements are separate and distinct provisions which require the immediate return of Adecco property in the Former Employees' possession.  *See* Dkt. No. 76-1 at 8.  Plaintiffs seek a number of things, including the Adecco-issued devices, various documents that the Former Employees emailed to themselves over the course of their employment, Adecco documents which

Defendant Rodabaugh allegedly put on a flash drive on her last day with Adecco, documents that Defendant Walser removed from the locked filing cabinets prior to leaving Adecco, and any marketing materials which Adecco alleges were stolen by Defendants Standford and/or Walser. *See id.* at 6-7; Dkt. No. 85 at 7.

Initially, the Court notes that it was aware of Plaintiffs' allegations with respect to the return-of-property agreements at the time the initial Order was issued.  However, Adecco failed to demonstrate threat of irreparable injury stemming from those items.  Thus, preliminary injunctive relief requiring the return of those items was – and still is –  inappropriate.

With respect to the Adecco-issued devices and any confidential information contained therein, the Court noted that these devices are no longer in the Former Employee's possession. Dkt. No. 71 at 27.  Adecco's argument as to irreparable injury is that the Former Employees have access to confidential information.  *See* Dkt. No. 85 at 10.  However, because these devices are not in the Former Employees' possession and cannot be accessed by the Former Employees, Adecco cannot demonstrate threat of irreparable injury stemming from the retention of these devices.[1]

Plaintiffs also allege that the Former Employees have not returned or identified the Adecco documents, emails, and attachments they retained, including those "residing in various personal email accounts[.]"  *See* Dkt. No. 76-1 at 6.  However, each Defendant, with the exception of Defendant Walser, testified that they no longer have access to any Adecco documents, emails, or attachments.  *See* Dkt. No. 68-2 at 48-49, 79-81, 123, 143, 172-73, 183-84.  During her testimony,

---

[1] As the Court has previously stated, it will not issue any discovery orders with respect to these devices nor will it decide who should have possession of these devices at this time.  The parties should confer to reach a mutually agreeable time to review the relevant content on the Adecco-issued devices.  If no such agreement can be reached, the parties should consult the assigned Magistrate Judge.

Defendant Walser turned over to her attorneys all of the Adecco documents that she had in her possession and the Court ordered her attorneys to maintain those documents. *See* Dkt. No. 68-1 at 171-87. Thus, the Former Employees no longer have access to any confidential Adecco information and Plaintiffs cannot demonstrate irreparable injury.

Plaintiffs' allegations that Defendant Rodabaugh transferred Adecco documents on to a flash drive on her last day and that Defendants Walser and/or Standford stole marketing materials are not supported by the record. Despite Plaintiffs' claims that Defendant Rodabaugh transferred confidential Adecco documents on to a flash drive, the record indicates that any files that she transferred related to personal matters, including her divorce. *See* Dkt. No. 68-2 at 164. Surely, records relating to an employee's divorce are not likely to cause Adecco any injury. Similarly, the allegations that Defendants Walser and/or Standford stole marketing materials is not supported by the record. Defendants Walser and Standford denied taking anything – with the exception of a couple of pens that Defendant Standford admits to taking. *See* Dkt. No. 68-1 at 218-19; Dkt. No. 68-2 at 106. However, the taking of a couple of pens is not likely to cause Adecco irreparable injury. Thus, the Court finds that Plaintiffs have failed to demonstrate threat of irreparable injury.

Finally, Plaintiffs' request to extend the injunction to enjoin Defendant Walser from violating her non-disclosure agreement is granted. As the Court expressed in its initial decision, Defendants do not contest the enforceability of the non-disclosure agreements. *See* Dkt. No. 71 at 25. Thus, the Court expected all parties to abide by the agreements where the enforceability of such agreement is not at issue. Based on Defendant Walser's testimony, the Court also found that Plaintiffs demonstrated likelihood of success as to their claim of breach of the non-disclosure agreement by Defendant Walser. *See id.* at 26-27. Accordingly, Defendant Walser must abide by the terms of her non-disclosure agreement during the pendency of this case.

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' motion for reconsideration (Dkt. No. 76) is **DENIED in part and GRANTED in part**; and the Court further

**ORDERS** that Defendant Walser must abide by the terms of her non-disclosure agreement during the pendency of this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 30, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge