UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ADECCO USA, INC. and ADO STAFFING, INC.,

                            Plaintiffs,

  vs.                                                   6:20-CV-744
                                                            (MAD/TWD)

STAFFWORKS, INC., ANITA VITULLO,
KAREN WALSER, VICKI RODABAUGH,
DEBROAH ROHDE, MAURICA GLORIA,
BRIANNA FLINT, TAYLER FRAVEL,
KAREN STANDFORD, and SHELLY KRANZ,

                            Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **GORDON & REES LLP -** <br> **NEW YORK OFFICE** <br> 1 Battery Park Plaza, 28th Floor <br> New York, New York 10004 <br> Attorneys for Plaintiffs | JOHN TYLER MILLS, ESQ. |
| **GORDON REES SCULLY** <br> **MANSUKHANI LLP** <br> 41 South High Street <br> Suite 2495 <br> Columbus, Ohio 43215 <br> Attorneys for Plaintiffs | TYLER TARNEY, ESQ. <br> MARY CSARNY, ESQ. |
| **PHILLIPS LYTLE LLP -** <br> **BUFFALO OFFICE** <br> 125 Main Street <br> Buffalo, New York 12203 <br> Attorneys for Defendants | PRESTON L. ZARLOCK, ESQ. <br> JOSHUA S. GLASGOW, ESQ. |
| **ROSSI & ROSSI, PLLC** <br> **FIRM – ALBANY OFFICE** <br> 587 Main Street, Suite 302 <br> New York Mills, New York 13417 <br> Attorneys for Defendants | EVAN A. ROSSI, ESQ. <br> VINCENT J. ROSSI, JR., ESQ. |

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Plaintiffs commenced this action alleging various violations of state and federal laws against Defendants Staffworks, Inc. and Anita Vitullo, and Defendants Karen Walser, Vicki Rodabaugh, Deborah Rohde, Maurica Gloria, Brianna Flint, Tayler Fravel, and Karen Standford (the "Former Employees").  *See* Dkt. No. 1 at 1.  The complaint alleges breach of contract, tortious interference with contract, tortious interference with business relationships/prospective economic advantage, actual and threatened trade secret misappropriation under federal and state law, conversion, and trademark infringement and unfair competition under the Lanham Act.  *See id.* at ¶¶ 1, 111-161.  On July 2, 2020, Plaintiffs filed a motion for a temporary restraining order or preliminary injunction.  *See* Dkt. No. 13.  The Court denied Plaintiffs' motion for a temporary restraining order and scheduled an evidentiary hearing.  *See* Dkt. No. 14.  Following a three-day evidentiary hearing, the Court granted Plaintiffs' motion in part.  *See* Dkt. No. 71.  Plaintiffs then filed a motion for contempt and sanctions, arguing that Defendants Gloria and Flint violated the Court's September 15, 2020 Order (the "Order").  Following a hearing, the Court denied Plaintiffs' motion for contempt and sanctions.  *See* Dkt. No. 96.  On November 10, 2020, Plaintiffs filed an amended complaint which, among other things, added Shelly Kranz as a defendant to this action.  *See* Dkt. No. 97.  Plaintiffs then filed a motion for reconsideration of the Court's Order on its motion for a preliminary injunction.  *See* Dkt. No. 76.  The Court granted that motion in part.  *See* Dkt. No. 105.  Presently before the Court is Defendants' motion for reconsideration of the Court's Order on Plaintiffs' motion for reconsideration.  *See* Dkt. No. 108.  The Court presumes the parties' familiarity with the facts and refers the parties to its September 15, 2020 Order for a more detailed recitation of the facts.  *See* Dkt. No. 71.  For the following reasons, Defendants' motion is granted.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *See Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Defendants seek reconsideration of the part of the Court's November 30, 2020 Order enjoining Defendant Walser from violating the non-disclosure provision of her employment agreement. *See* Dkt. No. 109 at 8. Specifically, the Court's Order required Defendant Walser to "abide by the terms of her non-disclosure agreement during the pendency of this case." *See* Dkt. No. 105 at 6. Defendants argue that the Order lacks specificity and, thus, violates Rule 65(d) of the Federal Rules of Civil Procedure. *See* Dkt. No. 109 at 8.

Defendants also suggest, without necessarily arguing, that the Court did not find any threatened irreparable harm stemming from non-compliance with the non-disclosure agreement. *See* Dkt. No. 109 at 10. However, in the Court's September 24, 2020 Order, the Court found that Plaintiffs demonstrated likelihood of irreparable harm stemming from violations of the restrictive covenants – including the non-disclosure agreements – absent an injunction. *See* Dkt. No. 71 at 5-8. This finding, in conjunction with the Court's finding of likelihood of success as to Plaintiffs'

3

claim regarding Defendant Walser's breach of her non-disclosure agreement, make the Court's issuance of the November 30, 2020 injunction appropriate.

Defendants now say that they do not concede the enforceability of the non-disclosure agreements and cite to portions of their briefing on the motion for a preliminary injunction. *See* Dkt. No. 109 at 4. It is true that Defendants have not explicitly stated that they do not contest the enforceablity of the non-disclosure provisions. *See* Dkt. No. 28. However, apart from general statements that the employment agreements contain overbroad definitions and their arguments regarding Plaintiffs' trade secrets claim, there are no arguments as to the enforceability of the non-disclosure agreements. *See* Dkt. No. 28 at 16, 27. In the section of Defendants' brief addressing Plaintiffs' likelihood of success on the merits, Defendants discuss choice of law issues, Plaintiffs' termination and constructive termination of the Former Employees, Plaintiffs' alleged overreaching, and the Employment Agreement's overbreadth. *See id.* at 21-26. However, in discussing overbreadth of the employment agreements, Defendants mention only the non-solicitation and non-compete provisions. *See id.* at 24. The Court took Defendants lack of argument as to enforceability of the non-disclosure provisions as a concession for the purposes of the motion. *In re Application of the Children's Inv. Fund Found. (UK)*, 363 F. Supp. 3d 361, 368 (S.D.N.Y. 2019), *abrogated on other grounds by In Re Guo*, 965 F.3d 96 (2d Cir. 2020) (noting that a party concedes an argument by failing to address it in opposition briefing). Regardless, the Court's finding that Plaintiffs are likely to succeed on their breach of contract claim regarding Defendant Walser's breach of the non-disclosure provision is supported by the evidence.

Under New York law, a party asserting a breach of contract claim must allege the following elements: (i) the existence of a contract; (ii) adequate performance of the contract by the plaintiff; (iii) breach by the other party; and (iv) damages suffered as a result of the breach. *See*

*Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996) (citation omitted); *see also Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 357-58 (S.D.N.Y. 2001) (citation omitted).  A non-disclosure agreement is evaluated in the same manner as other restrictive covenants.  *See R.R. Donnelley & Sons Co. v. Fagan*, 767 F. Supp. 1259, 1269 (S.D.N.Y. 1991).  "'A restraint is reasonable only if it: (1) is *no greater* than is required for the protection of the *legitimate interest* of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public.'" *Poller v. BioScrip, Inc.*, 974 F. Supp. 2d 204, 215 (S.D.N.Y. 2013) (quoting *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 388-89 (1999)) (emphasis in original).

>    Defendant Walser's employment agreement provides the following:

>> Unless required by my job at Adecco, I will never disclose, use, copy or retain any confidential business information or trade secrets belonging to Adecco, Adecco's Franchisees, Adecco's customers or Adecco's suppliers.  This confidential information includes, but is not limited to, methods of operation and/or doing business, salary and benefit information and other data regarding Adecco's employees, price lists, sales and recruiting techniques, promotional methods and information, names and lists of clients, prospective clients, and/or employees, the nature and content of client contracts and records, policy and procedures manuals, training methods and manuals, customized computer software, and other information not generally known to the public.

*See* Plaintiffs' Exhibit to the Motion for a Preliminary Injunction ("P. Ex.") 1 at 1.

>    Defendants have made no argument that the non-disclosure agreement is broader than is necessary to protect Plaintiffs' legitimate interest, that it imposes undue hardship on Defendant Walser, or that it is injurious to the public.  *See* Dkt. Nos. 28, 109.  As the Court initially found, Plaintiffs have a legitimate business interest in protecting the goodwill they have fostered with their customers.  *See* Dkt. No. 71 at 15.  The non-disclosure agreement also safeguards Plaintiffs' confidential information, which is another legitimate business interest.  *See American Institute of*

*Chemical Engineers v. Reber-Friel Co.*, 682 F.2d 382, 387 (2d Cir. 1982) (quoting *Reed, Roberts Assocs., Inc. v. Strauman*, 40 N.Y.2d 303, 308 (1976)). Requiring Defendant Walser to abide by a non-disclosure provision and prohibiting the disclosure of information regarding Adecco's internal workings, business strategies, and customized software does not impose an undue burden on Defendant Walser, nor is it injurious to the public. Thus, the non-disclosure agreement likely is enforceable.

Plaintiffs also established likelihood of success as to the other elements of this claim. There is no suggestion that Plaintiffs did not adequately perform their obligations. As the Court noted, the evidence indicates that Plaintiffs will likely be able to establish Defendant Walser's breach of the non-disclosure agreement. *See* Dkt. No. 71. Finally, as the Court discussed, breach of the restrictive covenants, including the non-disclosure agreements, could cause Plaintiffs damages in the form of harm to business relationships and lost revenue. *See id.* at 6-8. Thus, the Court finds that there was no error in issuing the injunction as to Defendant Walser. However, the Court will modify the November 30, 2020 Order to better meet the requirements of Rule 65(d).

Accordingly, the Court hereby

**ORDERS** that Defendants' motion for reconsideration (Dkt. No. 108) is **GRANTED**; and the Court further

**ORDERS** that Defendant Walser must not disclose or copy the following information belonging to Plaintiffs during the pendency of this case: methods of operation and/or doing business, salary and benefit information and other data regarding Adecco's employees, price lists, sales and recruiting techniques, promotional methods and information, names and lists of clients, prospective clients, the nature and content of client contracts and records, policy and procedures manuals, training methods and manuals, and customized computer software; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 7, 2021
  Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge