UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ADECCO USA, INC., *et al.*,

                                               Plaintiffs,

                                                                   6:20-cv-00744

v.                                                                 (MAD/TWD)

STAFFWORKS, INC., *et al.*,

                                               Defendants.
_____

APPEARANCES:

TYLER TARNEY, ESQ.
Gordon & Rees, LLP, Counsel for Plaintiffs

PRESTON ZARLOCK, ESQ.
Phillips Lytle, LLP, Counsel for Defendants

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

# **ORDER**

      Presently before the Court in this action are multiple discovery disputes between the parties concerning various issues, including electronic storage devices and alleged spoliation issues. The parties have engaged in voluminous discovery and in repeated discovery disputes throughout the course of this litigation. Currently before the Court is a determination by the Court after its in camera review of documents per the Court's June 21, 2022, discovery order. The Court also has before it various disputed discovery issues as set forth in the parties' letter brief requests and responses. (Dkt. Nos. 240, 242, 243, 244, 245, 246, 247, 251, 252.)

      After thoroughly reviewing the parties' submissions and considering their claims,

crossclaims, and defenses, along with discovery principles as set forth in Fed. Rule Civ. P. 26, the parties' arguments, and all of the discovery that has previously been conducted in this case, the Court directs the following discovery to address the outstanding issues.

## I. PRIVILEGE LOG ISSUES SUBMITTED FOR IN CAMERA REVIEW

The Court has reviewed the subject spread sheets and emails submitted pursuant to the Court's prior discovery order (Dkt. No. 235) and finds the information contained in the staffing tabs identified in the spreadsheets pertains to Plaintiff's course of moving their business away from rural areas to focus on metro areas and therefore it is relevant. While Plaintiffs argue the information goes to the heart of the disparate impact valuation issues and is thus privileged, the Defendants noted the information has been disclosed in other documents not subject to Plaintiffs' clawback requests. Likewise, the subject emails have not been shown to be privileged. Although Plaintiffs argue the emails are related to its employees gathering information pursuant to in-house counsel's request, there is nothing indicating any counsel directives. Therefore, the Court denies Plaintiffs' request to maintain the privilege designation on the subject spreadsheets and emails. However, the parties are not permitted to re-depose any witnesses as related to this information.

## II. AVALON REPRESENTATIVE'S TESTIMONY

Defendants request to move to quash a subpoena Plaintiffs apparently served on Avalon, the neutral company that has provided forensic extraction and sorting of electronically stored information ("ESI") for the parties pursuant to agreement and as permitted by the Court, seeking the testimony of an Avalon representative as a non-retained expert. (*See* Dkt. Nos. 240, 242.) Avalon

prepared reports, exhibits, and extracted documents on numerous electronic devices and provided the parties with a myriad of information including metadata pertaining to the ESI. The Court finds that since Avalon has highly technical information and has firsthand involvement with key forensic evidence, Plaintiffs may depose one Fed. R. Civ. P. Rule 30(b)(6) witness from Avalon as a non-retained expert. Of course, Defendants may also query the witness about matters that may include expert opinions. The deposition shall be completed by January 20, 2023. Thus, Defendants' letter request (Dkt. No. 240) is denied, and the parties shall conduct the deposition as directed.

### III. FLASH DRIVES

The parties dispute how to handle five flash drives that were recently produced by Defendants which had apparently been in the possession of Defendant Walser's son. The parties have had Avalon conduct a brief review to determine if any of the flash drives were connected to any of the Defendants' devices previously examined, and only one flash drive (A035) was connected to Defendant Walser's device; the other four (A034, A036-A038) were not connected to any of the Defendants' devices. (Dkt. No. 244-1.) Plaintiffs seek to have Avalon review all five of the flash drives pursuant to the parties' prior protocol. (Dkt. Nos. 243, 245, 251.) Defendants seek to have only the flash drive (A035) that was connected to Defendant Walser's device reviewed by Avalon. (Dkt. Nos. 244, 252.) The Court agrees with Defendants. The flash drive (A035) that was connected to Walser's device shall be reviewed by Avalon pursuant to the parties' agreed prevailing protocol and such review shall be completed by January 13, 2023. The other four flash drives (A034, A036-A038) shall be examined by Defendants, and Defendants shall produce information

from those flash drives, if any, by January 13, 2023, that is relevant and responsive to any prior demands served by Plaintiffs. Thus, Plaintiffs' letter requests (Dkt. Nos. 243, 245, 251) are denied.

## IV. PLAINTIFFS' CLAIM OF SPOLIATION

Plaintiffs submitted a pre-motion letter (Dkt. No. 246) seeking permission to file a motion for spoliation of evidence. Defendants filed a letter (Dkt. No. 247) in opposition to the request. Plaintiffs assert that Defendants destroyed and/or deleted hard copy documents as well as ESI documents from backup storage devices, desk and laptop computers, smart phones, a Facebook account, and various email accounts. Defendants correctly note that hundreds of emails, cloud stored data, smart phone data, computer data, and storage device data has been disclosed. The parties have engaged in extensive document discovery and discovery of a wide variety of ESI. In fact, the Court notes the parties' seemingly endless discovery has bordered on being disproportional to the needs of the case and the issues in dispute. Further, Plaintiffs have not shown how they have been prejudiced by any alleged spoliation of evidence, nor has it been shown that any party acted in bad faith. Accordingly, Plaintiffs' letter request (Dkt. No. 247) to file a motion for spoliation is denied.

Wherefore, it is hereby,

**ORDERED**, that the Court **DENIES** Plaintiffs' request to clawback certain items and to maintain a privilege designation on the subject spreadsheets and emails which the Court has reviewed in camera pursuant to the directive in its June 21, 2022, Order (Dkt. No. 235); and it is further

**ORDERED** that Defendants' request (Dkt. No. 240) to file a motion to quash a subpoena is **DENIED**, and the parties shall immediately schedule and complete the deposition of a witness from Avalon as directed herein; and it is further

**ORDERED** that Plaintiffs' letter requests (Dkt. Nos. 243, 245, 251) are **DENIED;** the parties shall complete the review of the flash drives as directed herein and shall provide all directed disclosure in the manner and time frame as directed herein; and it is further

**ORDERED** that Plaintiffs' letter request (Dkt. No. 246) to file a motion for spoliation is **DENIED**; and it is further

**ORDERED** that no other discovery is permitted except as set forth in this Order; and it is further

**ORDERED** that the dispositive motion deadline only is extended to February 10, 2023.

Dated: December 20, 2022
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge